```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------x
                                         23-CR-481(CBA)
UNITED STATES OF AMERICA
                                         United States Courthouse
                                         Brooklyn, New York
        -against-
                                         February 7, 2024
                                         12:30 p.m.
NASIR SCHOFIELD,

            Defendant.

------------------------------x
```

    TRANSCRIPT OF CRIMINAL CAUSE FOR STATUS CONFERENCE
         BEFORE THE HONORABLE CAROL B. AMON
          UNITED STATES SENIOR DISTRICT JUDGE

APPEARANCES

| | |
|---|---|
| For the Government: | UNITED STATES ATTORNEY'S OFFICE |
| | Eastern District of New York |
| | 271 Cadman Plaza East |
| | Brooklyn, New York 11201 |
| | BY:  VICTOR A. ZAPANA, JR., ESQ. |
| | Assistant United States Attorney |
| | |
| For the Defendant: | LAW OFFICE OF DONNA R. NEWMAN |
| | 20 Vesey Street - Suite 400 |
| | New York, New York 10007 |
| | BY:  DONNA R. NEWMAN, ESQ. |
| | |
| Court Reporter: | LINDA D. DANELCZYK, RPR, CSR, CCR |
| | Phone:  718-613-2330 |
| | Fax:    718-804-2712 |
| | Email:  LindaDan226@gmail.com |

Proceedings recorded by mechanical stenography.  Transcript produced by computer-aided transcription.

1     THE COURTROOM DEPUTY: All rise.
2     (Defendant enters the courtroom.)
3     THE COURTROOM DEPUTY: Good afternoon.
4     This is criminal cause for a status conference,
5  23-CR-481, USA versus Nasir Schofield.
6     May the parties please state your name for the
7  record, starting with the government.
8     MR. ZAPANA: Good afternoon, Your Honor, and
9  everyone. Victor Zapana for the United States.
10    THE COURT: Good afternoon.
11    MS. NEWMAN: Good afternoon, Your Honor. Donna R.
12 Newman for Nasir Schofield, who is standing next to me.
13    In the audience is his mother and his sister.
14    THE COURT: All right, everyone can be seated.
15    Ms. Newman, I see that you have filed a motion and,
16 obviously, the government would want some time to respond to
17 that motion, but let me just ask the government initially.
18    To the extent that there is a request for the return
19 of cash and these watches, is there any objection to that?
20    MR. ZAPANA: Yes, Your Honor. It was lawfully
21 seized pursuant to a search warrant. It's part of evidence of
22 an ongoing investigation in the case. There is a search
23 warrant to which it was specifically identified.
24    I think it is certainly bound with this other
25 supression motion, Your Honor, and we think that the

1  government would need time to respond to both simultaneously,
2  in addition to any of the other pretrial motions that the
3  defendant would like to make.
4          THE COURT:  So the government, in response to this,
5  will be able to show why this was -- these items were
6  seizable --
7          MR. ZAPANA:  Yes, Your Honor.
8          THE COURT:  -- pursuant to the search warrant and
9  how they're relevant?
10         MR. ZAPANA:  Yes, Your Honor.
11         I mean it's on the face of at least one of the
12 warrants.
13         MS. NEWMAN:  Your Honor, the search warrant for
14 which it was seized, it was not on the face, it's not
15 identified.  The search warrant was limited, having to do with
16 the 922(g) that's the alleged in Count One.  And the search
17 warrant, as signed by Judge Pollak on November 30th, which is
18 Exhibit B to my affirmation, it talks about clothing and the
19 child's backpack and lunch box.  It has nothing to do with the
20 allegations of 922(g).
21         And even Exhibit A, which is the prior affidavit of
22 the special agent, which goes into more detail with respect to
23 the Count One incident, doesn't mention anything about cash or
24 watches.  And so there would be no reason based on the
25 warrant, based on the affidavit that was submitted to seize

1  watches and cash.
2      But more to the point is the affidavit from the
3  mother, who has affirmed and provided documentation as to the
4  cash, which was part of a settlement, the class action
5  settlement from the City, and we supplied the tax return that
6  you had filed, the 1099 and proof of the check.
7      But she's here, and at any time she would be ready
8  to testify to that.
9      In addition, the watches clearly is something she
10 has direct knowledge of, since she was the one who was advised
11 by her father, frankly prior to his death, to give Nasir, his
12 first grandson, choice of the watches.  He had many watches.
13 And what she did, and those are the watches he picked, she
14 identified those watches from a photograph that I supplied
15 that was supplied to me as part of the evidence.
16     So at any time if the Court feels additional
17 testimony is needed, we would be ready to put on the wife, and
18 any other relative who has direct knowledge of what was given
19 to Nasir, as well as other relatives.  Like other nephews also
20 got some watches as a result of their inheritance.
21     THE COURT:  If you can speak to it, Mr. Zapana, what
22 would be the government's theory under which the money and the
23 watches were seized?
24     MR. ZAPANA:  So, Your Honor, as the government -- as
25 I've made clear in multiple status conferences in this case,

1  there was an initial search warrant into the apartments for
2  the clothes and the backpack.  And then there was a second
3  search warrant, a supplemental on the day of, signed by
4  Judge Pollak with regard to watches, to drugs and other items.
5              THE COURT:  Did it specifically mention watches?
6              MR. ZAPANA:  Yes.  And cash, Your Honor.
7              And so I think that there should be a response made
8  by the government of there can't be really a determination
9  under Rule 41 at this point, Your Honor.
10             MS. NEWMAN:  I did not -- I'm sorry, as I had
11 indicated, that I needed additional time to review the
12 discovery, but I did not see another search warrant, I will
13 look.  But in addition, if it's supplemental, it was not prior
14 to the search of which these items were seized.
15             So I would -- my understanding, based from my
16 discussions with the family, is that these items were seized
17 when the law enforcement first came.  They would have no idea
18 about watches and cash in that apartment.
19             THE COURT:  Well, I think that rather than discuss
20 all of this now, it would be important to have the government
21 respond, and then we can take up these issues when the
22 government responds.
23             Just from the initial looking at your papers, I
24 thought perhaps there was some -- that we could reach some
25 agreement that this material could be turned over, but

1  apparently not, based on the government's position.
2      So, Mr. Zapana, when can you respond to this motion?
3      MR. ZAPANA:  Your Honor, actually I was hoping to
4  deal with all -- all pretrial motions.  I know that Your Honor
5  in the last status conference had asked -- had planned to set
6  some sort of calendar for all pretrial motions at this
7  conference date and would want to be able to respond to all
8  the possible pretrial motions that the defendant would like to
9  make in one go.
10     I think it's standard practice in Your Honor's
11 courtroom, and in many other courtrooms in this district, that
12 there would be one pretrial motion set before trial where all
13 of these supression motions would be done, and there would be
14 some sort of omnibus response and omnibus hearing.  We don't
15 want to engage in any sort of piecemeal litigation, we would
16 ask some sort of deadline be set.
17     MS. NEWMAN:  Your Honor, I don't object, there are
18 more motions --
19     THE COURT:  What other motions, though, do you
20 intend to file?
21     MS. NEWMAN:  I am going to make a motion to dismiss
22 based on lack of venue, that's to Count One.
23     I'm going to make a motion to dismiss based on
24 *Bruen*.
25     I am going to make a motion, also supression, based

from the other search warrants. But we have just received another dump of discovery and that I have not reviewed it, it was a large amount of discovery.

My client had had trouble receiving the discovery. I did drop it off the day I promised the Court I would and the hard drive. It took them two-and-a-half weeks to get it to my client.

I also sent a supplement disk, which then he received broken. It's, you know, MDC. We resent the disk. He advised that he just received one of the disks. And finally he received the hard drive that just had three of the productions. So he hasn't received the last production. And it is production four and five that does need to be reviewed by my client.

We had attempted to see him, again some problems with MDC. And the latest problem, I just learned, that if you're not there before 12:00, you will not be allowed into the MDC unless -- unless there is an empty attorney's room, where before even during -- you know, regular general visiting hours we could go and sit in the back. So that impedes the ability to see him.

So I would ask the Court for some additional time. We were thinking 30 or 40 days just to make motions. And I understand the government has to respond. You know, that's not a problem.

1         THE COURT: All right, I'll give you 30 days from
2 today to file all of your motions.
3         What date would that be?
4         THE COURTROOM DEPUTY: That will bring us to
5 March 7th.
6         THE COURT: And, Mr. Zapana, could you respond to
7 those in two weeks?
8         MR. ZAPANA: Your Honor, we would ask as much time
9 as you would like to give us. I will admit, I will be in a
10 two-month trial before Judge Cogan. I will have to have a
11 fellow assistant added on to the case, but as much time as
12 Your Honor would like.
13         THE COURT: I'll give you 30 days then to respond.
14         MR. ZAPANA: Thank you, Your Honor.
15         THE COURT: What would that be?
16         THE COURTROOM DEPUTY: That will bring us to
17 April 8th.
18         THE COURT: Okay. And then we can set down a date
19 for hearing on the motions.
20         Another two weeks to add to that, what would that
21 be, because we're on trial in April, right?
22         THE COURTROOM DEPUTY: Yes, correct, Judge.
23         April 22nd.
24         THE COURT: Okay. Is there still an outstanding
25 or -- I don't remember if there was, an outstanding plea

1 agreement that has been provided?  No?

2 　　　　　MR. ZAPANA:  Not -- there needs to be further
3 exploration of the discovery before additional plea
4 negotiations can be made.

5 　　　　　MS. NEWMAN:  Yes, we have not engaged in any.

6 　　　　　Your Honor, can we ask -- 30 days, okay, that's
7 fine.

8 　　　　　And the hearing, I would assume, I can also
9 introduce any witnesses, I just want to make sure, since my
10 client works, that she would be available.

11 　　　　　THE COURT:  By "client," you mean --

12 　　　　　MS. NEWMAN:  My client's mother works.  And if I
13 were call her, which is what I would anticipate, for the 41(g)
14 portion, I just need to know availability.  That's why I'm
15 asking for a date.

16 　　　　　THE COURT:  Well, I put down -- we put down the date
17 of April 22nd for the hearing, right?

18 　　　　　MS. NEWMAN:  I didn't hear that.  I'm sorry, Your
19 Honor.

20 　　　　　THE COURTROOM DEPUTY:  At 10 a.m.

21 　　　　　THE COURT:  All right.

22 　　　　　And you agree that based on the pending motions that
23 the time is excluded until then, Ms. Newman?

24 　　　　　MS. NEWMAN:  Yes.

25 　　　　　THE COURT:  Okay.

1    All right, is there anything further from the
2 government.
3    MR. ZAPANA: Nothing from the government, Your
4 Honor. Thank you.
5    THE COURT: Anything further, Ms. Newman?
6    MS. NEWMAN: Nothing further. Thank you.
7    THE COURT: Okay. All right, thank you.
8
9    (Whereupon, the matter was concluded.)
10
11    \*     \*     \*     \*     \*
12
13
14 I certify that the foregoing is a correct transcript from the
record of proceedings in the above-entitled matter.
15
16    s/ Linda D. Danelczyk            March 13, 2024
17       LINDA D. DANELCZYK                  DATE
18
19
20
21
22
23
24
25

*LINDA D. DANELCZYK, RPR, CSR, CCR*
*Official Court Reporter*