UNITED STATES DISTRICT COURT  
EASTERN DISTRICT OF NEW YORK  
------------------------------------------------------------x  
UNITED STATES OF AMERICA,

    -against-

NASIR SCHOFIELD,

             Defendant.  
------------------------------------------------------------x

NOT FOR PUBLICATION  
**MEMORANDUM & ORDER**  
23-CR-481 (CBA)

**AMON, United States District Judge:**

    On June 21, 2024, Defendant Nasir Schofield pleaded guilty to one count of being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) pursuant to a plea agreement. On January 10, 2025, I sentenced him to 45 months' imprisonment followed by three years of supervised release. The length of the carceral term represented an upward variance from Schofield's Guidelines range, based in large part on extraordinarily aggravating conduct related to his conviction. Sentencing was not completed during this appearance because Schofield contested the application of Standard Condition Six to his term of supervised release. Since this issue had not been raised prior to sentencing, I asked for supplemental briefing on the issue. For the following reasons, I conclude Standard Condition Six is appropriate in this case.[1]

## BACKGROUND

    The Court is authorized to include a term of supervised release following a term of imprisonment as part of its sentence. 18 U.S.C. § 3583. Certain conditions of supervised release are mandated by statute, while others may be imposed based on a consideration of certain of the section 3553(a) factors. Id. §§ 3583(c)-(d); see also U.S.S.G. § 5D1.3. I must also consider the Sentencing Commission's policy statements in imposing non-mandatory conditions. 18 U.S.C. §

---

[1] Schofield expressly waived any right to have an open-court determination in his presence regarding the applicability and imposition of Standard Condition Six. (Transcript of Sentencing dated Jan. 10, 2025 ("Sent. Tr.") 25.)

1

3583(d)(3). Those policy statements are set forth in U.S.S.G. § 5D1.3. Of those non-mandatory conditions, the Sentencing Commission recommends certain "standard" conditions for supervised release in general if applicable, and other "special" conditions that "may be appropriate on a case-by-case basis." U.S.S.G. §§ 5D1.3(c), (e). The standard conditions (also called recommended conditions) are "'necessary to the administration of supervised release' and thus 'presumed suitable in all cases.'" United States v. Lewis, 125 F.4th 69, 76 (2d Cir. 2025) (quoting United States v. Sims, 92 F.4th 115, 119 n.1 (2d Cir. 2024)).[2]

Because standard conditions of supervised release "are almost uniformly imposed by the district courts and have become boilerplate," the Second Circuit has previously rejected out of hand challenges that the standard conditions are inadequately tailored to the defendant. E.g., United States v. Skvarla, 673 F. App'x 111, 113-14 (2d Cir. 2016) (quoting United States v. Truscello, 168 F.3d 61, 63 (2d Cir. 1999)); United States v. Sloley, 568 F. App'x 79, 80 (2d Cir. 2014). Similarly, the Second Circuit has not required the district court to make an explicit reference to each condition imposed under U.S.S.G. §§ 5D1.3(c) and (d) so long as its imposition is justified by the record. E.g., United States v. Genao, 23-6710-cr, 2024 WL 4404042 (2d Cir. Oct. 4, 2024) (citing, inter alia, Truscello, 168 F.3d at 63 and United States v. Asuncion-Pimental, 290 F.3d 91, 94 (2d Cir. 2002)). Nonetheless, my imposition of these conditions must be reasonably related to the sentencing factors and involve no greater deprivation of liberty than is reasonably necessary for the purposes of sentencing and the Commission's policy statements. 18 U.S.C. § 3583(d); see United States v. Browder, 866 F.3d 504, 510 (2d Cir. 2017). Among the sentencing factors I may consider are the nature and circumstances of the offense, the defendant's history and characteristics, the need to deter criminal conduct, the need to protect the public from

---

[2] This applies to the conditions set out in U.S.S.G. §§ 5D1.3(c) and (d). Sims, 92 F.4th at 119 n.1.

further crimes of the defendant, and the need to provide the defendant with educational or other correctional treatment.  18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), 3583(d).

## DISCUSSION

Standard Condition Six requires a supervisee to "allow the probation officer to visit [him] at any time at his . . . home or elsewhere, and [to] permit the probation officer to take any items prohibited by the conditions of [his] supervision that he or she observes in plain view."  U.S.S.G § 5D1.3(c)(6).  Probation officers are charged with keeping informed of the conduct of a supervisee and his compliance with his conditions of supervision, and with reporting concerning conduct and violations of the conditions to the sentencing court.  18 U.S.C. §§ 3603(2), (4), (7).  In that capacity, the probation officer serves as "the court's eyes and ears, a neutral information gatherer with loyalties to no one but the court."  United States v. Reyes, 283 F.3d 446, 455 (2d Cir. 2002) (quotation omitted); see also United States v. Oliveras, 96 F.4th 298, 311 (2d Cir. 2024) (quoting Reyes for this proposition).  Random visits of the supervisee in his home or elsewhere are "vital to ensure that the probation officer is aware of the offender's conduct and condition," facilitating the probation officer's responsibility "to ensure that a convicted person under supervision does not again commit a crime" or violate other conditions of supervised release.  Reyes, 283 F.3d at 458-59 (quotation omitted).  And the Second Circuit recently reiterated this observation in comparing the standard suspicionless visitation condition discussed in Reyes to special suspicionless search conditions.  Oliveras, 96 F.4th at 310-11 (both conditions "give[] probation officers the 'considerable investigative leeway' they need to monitor an individual on supervised release, such that they can act as the 'eyes and ears' for the court") (quoting Reyes, 283 F.3d at 455, 457).  Courts have therefore resisted restricting Standard Condition Six, because allowing the supervisee to be monitored at only certain times and locations would "frustrate[] the purpose of supervision,"

3

especially ensuring the supervisee's compliance with supervised release and reporting non-compliance. United States v. Lewis, 498 F.3d 393, 397 (6th Cir. 2007). In 2016, the Sentencing Commission re-reviewed this Standard Condition to consider whether a restriction of its scope might be warranted. United States v. Payton, 959 F.3d 654, 657 (5th Cir. 2020). It explained that the Standard Condition should not be limited because "adequate supervision of defendants may require probation officers to have the flexibility to visit defendants at off-hours, at their workplaces, and without advance notice to the supervisee." United States Sentencing Commission, Guidelines Manual Supp. to App'x C, 171 (2016). "For example, some supervisees work overnight shifts and, in order to verify that they are in compliance with the condition of supervision requiring employment, a probation officer might have to visit them at their workplace very late in the evening." Id. As such, Standard Condition Six is an essential tool for the administration of a term of supervised release because it facilitates the probation officer's ability to ensure the supervisee complies with the conditions of release. Reyes, 283 F.3d at 459-60.

Standard Condition Six is especially appropriate in this case. Based upon his history, Schofield is in need of close supervision to assure the safety of the community. He has a prior conviction for larceny which involved threatening to shoot a victim, (ECF Docket Entry ("D.E.") # 56 ("PSR") 7-8), and, in this case, he fired his weapon at an individual. (Sent. Tr. 4-6.) This history of violence makes it more essential that Probation can ensure Schofield's compliance with the conditions of supervised release. See Payton, 959 F.3d at 658. It especially implicates two sentencing factors I am required to consider in imposing conditions of supervised release—the history and characteristics of the defendant and the need to protect the public from his crimes. 18 U.S.C. §§ 3553(a)(1), (a)(2)(C). Probation's visits are designed to ensure that Schofield does not commit additional crimes with firearms which endanger the public. Schofield has also possessed

4

items he was forbidden from possessing, namely the gun and ammunition at issue in this case and prison contraband at MDC. This raises concern that Schofield may possess items prohibited by the conditions of his supervised release. Additionally, Schofield has had challenges with marijuana use, raising the concern that he may possess it at home or elsewhere. (PSR 4, 13-14.) Probation's random visits will facilitate an officer's report of any possession of contraband seen in plain view to the Court. Hopefully, the visitation will deter Schofield from violating his conditions of supervision by possessing contraband, and thus help facilitate his correctional treatment and rehabilitation. 18 U.S.C. §§ 3553(a)(2)(B), (a)(2)(D); Reyes, 283 F.3d at 455 (probation officers are responsible for facilitating the rehabilitation of a supervisee into society). Finally, as noted, Schofield has had infractions while in custody, including for violence in state prison and for possession of contraband at MDC. (PSR 7, 13.) His difficulty with following the prior and current conditions imposed on him warrants additional supervision by Probation to ensure that he comply with the conditions imposed on supervised release, and, if not, that non-compliance be reported to the Court. 18 U.S.C. §§ 3553(a)(1), 3603(2), (4), (7). In sum, Standard Condition Six is warranted in this case given Schofield's history and involves the restriction of liberty necessary for Probation to administer Schofield's supervised release and ensure his compliance.

Schofield raises five objections to this conclusion: (1) the condition is overly broad and overly infringes on Schofield's liberty interests because it allows Probation to visit Schofield at home "or elsewhere"; (2) the term "visit" in the condition is impermissibly vague; (3) Schofield's offense conduct and history does not justify the imposition of this condition; (4) Standard Condition Six is duplicative of Special Condition Five, which permits Probation to search Schofield's person, home, and car when the officer has a reasonable suspicion that Schofield has

5

violated a condition of his supervision and that the areas to be searched contain evidence of this violation; and (5) that Schofield will already be held sufficiently in account by Standard Conditions 1-5 and 7-13 to render Standard Condition Six superfluous. (D.E. # 65 ("Def. Ltr.").) I address each of these arguments in turn.

## I. Overbreadth Challenge

Standard Condition Six's inclusion of places besides Schofield's home does not make it overly broad. (Def. Ltr. 5-6.) As the Government rightly argues, Schofield's past conduct makes Standard Condition Six's breadth especially appropriate. (D.E. # 66 ("Gov. Ltr.") 4.) The Second Circuit has recognized that visitation provisions, including Standard Condition Six, are necessary in part to ensure that the defendant does not commit more crimes. Reyes, 283 F.3d at 458-61. As discussed above, Schofield has demonstrated a pattern of recidivism shown in his illegal possession (and firing) of ammunition outside his home. (Gov. Ltr. 4.) And after he pleaded guilty to the instant offense, already at MDC pending sentencing, Schofield has covertly possessed prison contraband, namely a cell phone and marijuana. (Sent. Tr. 6.) Although it is true this condition will intrude on Schofield's privacy, an "offender on supervised release has a diminished expectation of privacy that is inherent in the very term supervised release." Lewis, 125 F.4th at 77 (quotation omitted). As explained above, this condition is related to Schofield's pattern of recidivism linked to illicit possession of items both at home and in other locations and involves a deprivation of liberty reasonably necessary for Probation to ensure that Schofield no longer commit crimes. Payton, 959 F.3d at 658 (affirming imposition of standard visitation condition due to defendant's "violent conduct, prior . . . convictions, multiple probation violations, and failure to abide by the terms of pretrial release").

## II. Vagueness Challenge

Schofield also challenges Standard Condition 6 because the term "visit" is vague and its interpretation "is left open to the Probation officer's interpretation." (Def. Ltr. 6.) He worries that it "leaves [him] in the dark as to what to expect in terms of compliance, other than he cannot refuse a visit." (Id.) Standard Condition Six tells him precisely what he can and cannot do: he must allow Probation to visit him at his home or other locations. (Gov. Ltr. 5-6.) The term visit may be expansive, but it is not vague. United States v. Munoz, 812 F.3d 809, 821 (10th Cir. 2016) (rejecting vagueness challenge to Standard Condition 6's visitation requirement); United States v. Ortiz, 843 F.3d 294, 297 (7th Cir. 2016) (same); see also United States v. Etienne, 102 F.4th 1139, 1146 (11th Cir. 2024) (condition barring convict from visiting certain federal courthouses was not impermissible because the "term 'visiting' is not vague"). Nor is this an impermissible delegation of authority to the Probation officer. The Probation officer has discretion "over details of supervised release such as [the] [] schedule or duration" of visits, a "decision-making authority" he or she may permissibly wield. United States v. Carlineo, 998 F.3d 533, 538 (2d Cir. 2021); (see Gov. Ltr. 6.)

## III. Schofield's Offense Conduct and History

As discussed above, Schofield's offense conduct involved possession of ammunition outside his home, and has been followed by possession of prohibited items. This pattern of conduct warrants the imposition of Standard Condition Six. Schofield says that it is not warranted because there is no evidence that he stored weapons or ammunition in his home, so there is no need to search it. (Def. Ltr. 7-8.) He was in possession of a gun on his way home. The fact that on two occasions a year apart no gun was found, but narcotics were found, does not eliminate the concern. (Gov. Ltr. 5.) Schofield possessed the gun and ammunition at issue in the instant offense, so there

are grounds to be concerned that he will again possess guns or ammunition, or other contraband for that matter. (Gov. Ltr. 4-5.) Therefore, I find that Standard Condition Six is warranted.

**IV.    Superfluity in Light of Special Condition Five**

Schofield argues that Standard Condition Six is unnecessary due to Special Condition Five, which allows the Probation officer to search Schofield's person, home, car, or office when the officer has reasonable suspicion that Schofield has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. (Def. Ltr. 8.)[3] Although these conditions overlap, they are not superfluous. As the Tenth Circuit explained, "these conditions contain different requirements," and in combination they allow the Probation officer to "visit Mr. [Schofield] anywhere and at any time, confiscate contraband that is in plain view, and conduct searches" based on reasonable suspicion. Munoz, 812 F.3d at 822; see also Oliveras, 96 F.4th at 315-16 (distinguishing between conditions requiring suspicionless visitations and those requiring suspicionless searches because a "visit is far less intrusive than a full-scale probation search") (quotation and alteration omitted). I note further that Standard Condition Six is not primarily a search condition; it is a visitation provision which clarifies that if items seen in plain view are prohibited by the conditions of his supervision they may be taken. It also provides added limitations on Schofield which are necessary for Probation to ensure his compliance with the conditions of his supervised release. Moreover, the special search condition is more expansive in scope but requires reasonable suspicion. Standard Condition Six only allows for the seizure of items in plain view.

---

[3] Originally, the Government had sought to include the contents of computers, phones, and other electronic devices in the search condition of Special Condition Five. However, at an earlier sentencing conference Schofield's counsel objected to the breadth of this provision because Schofield had not had a history of misusing technologies in connection with criminal activity. (Transcript of Sentencing dated Dec. 18, 2024). I agreed with Schofield that this special condition is overbroad with respect to Schofield's electronic devices and papers. Therefore, I modified this condition as set forth at Sent. Tr. 10 to cover Schofield's "person, property, house, residence, [and] vehicle."

8

### V.  Sufficiency of the Other Conditions in Conjunction

Finally, Schofield argues that the other Standard Conditions imposed in conjunction provide sufficient oversight to ensure that Schofield comply with his term of supervised release. (Def. Ltr. 8-9.) He does not provide any support for or an explanation of how the other conditions would allow Probation to ensure his full compliance with his term of supervised release. (Id.) Nor is it apparent. For example, Standard Condition Four requires him to "answer truthfully the questions asked by the probation officer," but Standard Condition Six is designed to help ensure that Schofield is in fact successfully completing his transition to liberty, so it would "frustrate[] the purpose of supervision" to allow Schofield to be supervised only at home. Lewis, 498 F.3d at 397. As another example, Standard Condition Seven requires Schofield to "work full time . . . at a lawful employment," so it is also reasonable to allow Probation to ensure that Schofield is in fact working there via an unannounced visit. In part for this reason, the Sentencing Commission has recommended Standard Condition Six because it found that "adequate supervision of defendants may require probation officers to have the flexibility to visit defendants at off-hours, at their workplaces, and without advance notice to the supervisee." Payton, 959 F.3d at 657-58 (quoting Guidelines Manual Supp. to App'x C 171). Therefore, I find the imposition of Standard Condition Six will be necessary in this case to ensure that Schofield complies with his term of supervision and any non-compliance will be reported to the Court.

## CONCLUSION

For these reasons, I include Standard Condition Six in Schofield's term of supervised release.

SO ORDERED

Dated: February 6, 2025
Brooklyn, New York

/s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge